Missouri, Kansas & Texas Railway Company of Texas v. Seth P. Mills.

Decided November 20, 1901.

**1.—Railway—Ticket Office—Charge.**

The statute requires a railway to keep its ticket office open thirty minutes before the departure of trains; a charge requiring it to be kept open for that length of time before arrival of the train is erroneous; and see opinion for facts under which the error was ground for reversal.

**2.—Charge—Error—Correction.**

An erroneous instruction is not rendered harmless by the fact that the law on the point was given correctly in other parts of the charge without withdrawing or correcting the erroneous one; but see instructions held not to correct the previous error.

**3.—Boarding Train—Duty to Trespasser.**

Those operating a passenger train do not owe to one attempting to board it unlawfully, without procuring a ticket as required by the company's regulations, the duty to assist him on, nor do they owe to such trespasser a duty to prevent him from getting on.

**4.—Same—Charge—Preventing Injury.**

See charge held erroneous in requiring trainmen to assist in or prevent from boarding the train one unprovided with the required ticket, the issue on duty arising from imminent and known peril not being submitted or involved.

Appeal from McLennan. Tried below before Hon. M. Surratt.

*T. S. Miller* and *Clark & Bolinger,* for appellant.

*A. C. Prendergast* and *Sleeper & Kendall,* for appellee.

KEY, Associate Justice.—This is an action to recover damages from the appellant railway company for certain injuries alleged to have been sustained by appellee. This is the second appeal. On the first appeal, the case reached the Supreme Court, and is reported in 94 Texas, 242, where a sufficient history of the case may be found. On the second trial the plaintiff recovered, and the railway company has appealed.

In a separate and distinct paragraph of its charge, the court instructed the jury as follows:

"It was defendant's duty under the law to have its ticket office at said depot continuously open for half an hour before the arrival of said

south bound train and until the departure thereof, and to keep some one continuously in its said ticket office during said time to furnish tickets to persons applying therefor."

This charge is assigned as error upon the ground that it placed a greater burden upon the defendant than is imposed by law. Article 4542, Batts' Civil Statutes, requires railroads to keep their ticket offices open for half an hour prior to the departure of trains, and this is the only statute relating to that subject. As the charge quoted made it the duty of the defendant to keep its ticket office open for half an hour before the *arrival* of the train, it is quite obvious that it did not state the law correctly, and imposed a greater burden upon the railroad than did the statute, which only required the defendant to keep its ticket office open and ready to sell tickets for thirty minutes before the *departure* of the train. The plaintiff testified that when he first went to the depot he went for the purpose of obtaining a ticket and boarding the train when it came. He also stated that he looked in at the window of the ticket office, and not seeing anyone there, went out on the platform. There was testimony tending to show that this occurred within thirty minutes before the *arrival* of the train, but more than thirty minutes before its *departure*. It was shown that the railroad company had adopted a rule, held by the Supreme Court to be reasonable and valid, requiring all passengers to obtain tickets before getting on trains. The plaintiff had failed to obtain a ticket, and sought to excuse himself for such failure, as he had the right to do if he could, by showing that the railroad company had failed to comply with the statute referred to. This shows that it was highly important that the jury should be correctly instructed as to the duty of the defendant in keeping its ticket office open, and affording the plaintiff an opportunity to purchase a ticket. Under the charge referred to, although the jury may have found from the testimony that plaintiff's arrival at the ticket office and his first failure to find anyone there to sell him a ticket was forty minutes before the departure of the train, still the defendant had violated the statute and failed to discharge its duty to the plaintiff by reason of its failure to have an agent there *at that time* to sell tickets; whereas such was not the case, if such failure occurred more than thirty minutes before the *departure* of the train. But counsel for the plaintiff contend that if the charge referred to be erroneous, no ground for reversal exists, because it was general in its nature and was corrected in other paragraphs applying the law directly to the facts.

If it be conceded that the paragraph of the charge complained of was general and merely stated an abstract rule applicable in all such cases, still the rule as stated is essentially wrong, and it was made specially applicable to this case, because it told the jury that it was "the defendant's duty," etc. Now let us see if the error referred to was cured by other paragraphs of the charge. In two other paragraphs the time allowed the plaintiff in which to obtain a ticket is referred to, and they read as follows:

"Now if you believe from the evidence that plaintiff exercised ordinary care, as above defined, to ascertain the time said train would depart, and that he did not procure a ticket and get on the train while standing on the switch, because of the failure of defendant to back its train onto and pull down on the main line to the platform prepared for loading and unloading passengers, and you further find that such failure to so move its train was an act of negligence on the part of defendant to plaintiff; or if you believe from the evidence that during the half hour before the departure of said train the plaintiff applied at the ticket office to purchase a ticket in time to have gotten one and entered the train before its departure, and failed to get it on account of the absence from said office of the agent, then in either event, if you so find, it would relieve plaintiff of his duty to secure a ticket before attempting to enter said train, and he could lawfully enter same without a ticket."

"In this connection you are charged that the plaintiff had an entire half hour before the train arrived and took its departure within which to apply for a ticket and get on defendant's train, and that his failure to apply sooner for a ticket would not be contributory negligence on his part, if he in fact did apply for a ticket in time to have procured one and entered the train before its departure, as before charged."

The first of these paragraphs appears to assume that the defendant was required to keep its ticket office open and an agent there for the sale of tickets for only half an hour before the departure of the train, but it does not specifically so declare.

The second of these paragraphs can not be said to state the law as favorably to the defendant as the first, unless the testimony had shown that the arrival and departure of the train was simultaneous. According to some of the witnesses, the train in question remained at the depot ten or fifteen minutes. So this paragraph was susceptible of a construction in harmony with the erroneous paragraph complained of, and when so construed, instead of correcting the erroneous charge, it repeated the error. But if these paragraphs of the charge had stated the law correctly, and specifically declared that the defendant was not required to keep its ticket office open and an agent there for the sale of tickets for more than thirty minutes before the departure of the train, and had not, in express words, referred to and corrected the charge complained of, the error in that charge would not be harmless. This rule has been announced in at least two cases by our Supreme Court. Railway v. Robinson, 73 Texas, 277; Baker v. Ash, 80 Texas, 357.

In the cases cited it is in effect held that the charge containing positive error is not cured by contradictory instructions stating the law correctly, unless the latter makes direct reference to and withdraws or qualifies the erroneous charge. If the plaintiff had the right to board the train, as he attempted to do, without a ticket, then he was not a trespasser and was entitled to be treated by the defendant as a passenger but if he had no right to get on the train without a ticket, then he occupied the attitude of a tresspasser, and the defendant did not owe him

the same duties that it would had he been entitled to board the train without a ticket. The plaintiff attempted to show that he had a right to get on the train without a ticket, because of the negligence of the defendant in failing to keep its ticket office open and an agent therein to sell tickets as required by law; and whether or not he was excusable under the circumstances in failing to procure a ticket and attempting to board the train without one, was submitted to the jury in the general charge given by the court; but after so instructing the jury and submitting that issue, the court, at the request of the plaintiff, gave the following special instruction:

"Even if you should believe from the evidence that the plaintiff had not applied to purchase a ticket in time to get one and get on the south bound passenger train of defendant before it started, yet if you believe from all the evidence before you that when he attempted to get on said train the agents or agent of defendant on said train saw him make such an attempt, and could by a reasonable effort on their part have assisted him on, or by such effort prevented his getting on, and negligently failed and refused to use such effort, and if you further believe that if they had used such effort and thereby have prevented plaintiff from being injured, then and in such event you will find for plaintiff, unless you find for defendant on the charge of contributory negligence before given you."

This charge is complained of in appellant's brief, upon the ground that if the appellee, as assumed in the charge, was not entitled to board the train, as he attempted to do, then appellant did not owe him the duties laid upon it by the charge. Appellant's contention is correct, and the charge can not be sustained. It is not a sound proposition of law to assert, as this instruction does, that it is the duty of employes running a railroad train to assist trespassers who are wrongfully attempting to board the train. Under such circumstances employes may owe the duty to their employer of preventing such persons from getting on the train, but they do not, merely because such persons are attempting to board the train, in the absence of imminent and apparent danger, owe any such duty to such wrongdoers.

Counsel for appellee undertake to justify the charge complained of under the rule, well established in this State, that although a plaintiff is shown to have been a trespasser upon the railroad track, yet when discovered there by the employes operating the train, they could not rightfully run him down and kill him; but when they discovered that he was not going to leave the track, then it became their duty, if they could do so, to stop the train and avoid injuring him, although he may have been guilty of negligence in going and remaining upon the track. The charge in question does not come within the doctrine announced in the cases referred to. In it the question of imminent and known peril is not submitted to the jury. The plaintiff stated in his testimony that while he knew there was some risk or danger in attempting to board any moving train, he did not think that it was very hazardous or dangerous to attempt to board the train in question, at the time and in the manner he

did; and if he did not know it, the court had no right to assume that all the employes of the defendant who saw him make the attempt knew it, and base an instruction upon such an assumption. True it is, the conductor stated that when he saw the plaintiff attempt to get on the train he expected him to get hurt, and immediately rang the bell to stop the train; but the charge was not limited to him, and it was not shown that the other employes had a like realization of the plaintiff's perilous situation. Nor was it shown that the conductor or any of them were in a position to assist the plaintiff in his effort to get on the train.

All the other questions of law presented in appellant's brief have been duly considered. The most of them are regarded as settled by the rulings made by the Supreme Court on the former appeal in this case, and on all of them we rule against appellant.

As to the merits of the case as developed by the testimony we express no opinion. For the errors referred to, the judgment is reversed and the cause remanded.

*Reversed and remanded.*